OPINION
On May 19, 1997, appellant, Troy McCord, was arrested for domestic violence in violation of R.C. 2919.25(C). Said charge arose from an incident involving appellant's girlfriend, Angie Patterson.
A bench trial was set for June 17, 1997. On June 16, 1997 via fax, appellant filed a notice of appearance of counsel, a demand for jury trial and a motion for continuance. The case proceeded to trial on June 17, 1997. Appellant did not have counsel present. By entry filed June 24, 1997, the trial court found appellant guilty as charged, and sentenced appellant to ten days in jail, suspended in lieu of conditional probation, and imposed a $100 fine plus costs.
On July 2, 1997, appellant filed a motion for new trial claiming a violation of his right to counsel. By entry filed July 24, 1997, the trial court denied said motion.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN REQUIRING THE DEFENDANT TO PROCEED TO TRIAL WITHOUT HIS ATTORNEY PRESENT, THE DEFENDANT NOT HAVING WAIVED HIS RIGHT TO COUNSEL, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.
II
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING THE MOTION OF THE DEFENDANT FOR A NEW TRIAL BASED UPON THE DENIAL OF COUNSEL AT THE TRIAL.
III
 THE STATE FAILED TO PROVE AN ESSENTIAL ELEMENT OF THE OFFENSE OF DOMESTIC VIOLENCE PURSUANT TO 2919.25(C), O.R.C., THE BELIEF THAT THE APPELLANT WOULD CAUSE HER IMMINENT PHYSICAL HARM.
 I, II
The crux of these assignments of error challenge the trial court's denial to grant appellant a continuance which was requested because appellant's recently retained counsel could not appear at the scheduled trial date. Appellant claims this denial violated his right to counsel. We disagree.
Although appellant argues he was denied his right to counsel, factually this argument is inaccurate. At his arraignment on May 20, 1997, appellant pled not guilty and was given notice of his trial date for June 17, 1997. On June 16, 1997, appellant's retained counsel made an appearance via fax and filed an entry reflecting such on June 17, 1997. Said counsel also filed a motion for continuance "of the Pre-trial, presently scheduled for Tuesday, June 17, 1997."
The granting of a continuance rests in the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
As is demonstrated in the record, subpoenas were issued for a June 17, 1997 trial and witnesses were present at the stated date and time. Furthermore, appellant's counsel was informed the morning of trial the case was not going to be continued. See, Entry filed July 24, 1997.
Given the fact the trial date was set twenty-six days prior to appellant retaining counsel, witnesses were subpoenaed and present and the motion for continuance was untimely pursuant to Crim.R. 12(C), we find no abuse of discretion by the trial court in denying the requested continuance.
Assignments of Error I and II are denied.
 III
Appellant claims an essential element of the crime of domestic violence was not proven. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
Appellant was convicted of domestic violence in violation of R.C. 2919.25(C) which states "[n]o person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."
Appellant argues the evidence was insufficient to prove Ms. Patterson believed appellant would cause her imminent physical harm.
Patrolman Lloyd Welch, the investigating officer, testified he did not see any physical injuries to Ms. Patterson, but Ms. Patterson did state appellant had threatened her. T. at 3, 5.
Ms. Patterson admitted appellant did not strike her (T. at 12), but testified to the following:
 Witness: Yes, he had came down and told me that he wanted to talk. I told him that I didn't want to talk, that I just needed some time apart and I asked him to leave and he said no he just wanted to talk. I said no just leave, leave me alone I'm calling the cops. Then my cousin Tommy had called and I asked him to call the cops because Troy was there and he wouldn't leave.
 Prosecutor: Okay. So what kind of — was you and Troy arguing?
 Witness: Yes, he — he was sitting there hitting his fist and I don't know if he was — he said that he wanted — I don't know if he was saying that he wanted to beat me up or — because I had went out on him. I was — I went out on him.
Prosecutor: So, you went out with him?
Witness: Yea.
 Prosecutor: You say he was beating his fist, could you demonstrate that to the Court?
Witness: Like this.
 Judge: The record would reflect that she is taking her fist and jammed it into the palm of her hand.
 Prosecutor: How far away from you was he when he was doing this?
 Witness: He was probably four feet not so far away that I couldn't see.
Witness: Were you standing or setting?
 Witness: I was setting on the couch and he was standing.
Prosecutor: He was standing facing you?
Witness: Yes.
 Prosecutor: He was putting his fist in the palm of his hands. Was it making a noise?
Witness: Yes, he wasn't hitting it real hard.
 Prosecutor: What was he saying while he was doing that?
 Witness: I was just crying so hard I can't — I mean I can't really remember if he was saying that he wanted to beat me up.
 Prosecutor: But, it was clear that he wanted to beat somebody up?
Witness: Yes, sir.
T. at 9-10.
Because of appellant's actions, Ms. Patterson's cousin called the police. T. at 10. Appellant admitted hitting his palm with his fist, but claimed "I was not threatening her I was threatening the person that she went out with." T. at 15.
By appellant's own admission, his gestures were threatening. Ms. Patterson had asked appellant to leave, he refused, hit his fist into his palm and left only after he knew the police were on the way.
We find sufficient circumstantial evidence of a threat which Ms. Patterson could have believed was directed at her since she was alone in the apartment with appellant and appellant's gestures were threatening.
Assignment of Error III is denied.
The judgment of the County Court of Perry County, Ohio is hereby affirmed.
By Farmer, P.J., Hoffman, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the County Court of Perry County, Ohio is affirmed.